## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH DIVISION

NILDA ROSADO on behalf of herself and all others similarly situated,

          Plaintiff(s),

-against-

PALM BEACH CREDIT ADJUSTERS, INC., a Florida Corporation d/b/a FOCUS FINANCIAL SERVICES,

          Defendant(s).

Civil Case No.:_____

**CIVIL ACTION**

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff, NILDA ROSADO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, PALM BEACH CREDIT ADJUSTERS, INC. d/b/a FOCUS FINANCIAL SERVICES (hereinafter "PBCA"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of the State of New Jersey, County of Ocean, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PBCA is a corporation with an office located at 3800 S. Congress Avenue, Boynton Beach, Florida 33426.

8. Upon information and belief, Defendant PBCA uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. PBCA is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a statewide class action. The Class consists of:

> **Class:**
>
> All Florida consumers who were sent letters and/or notices from PBCA in connection with an attempt to collect a consumer debt, where the letter or notice was substantially similar or materially identical to the letter or notice delivered to Plaintiff. See Exhibit A.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

      the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. PBCA collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. PBCA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Plaintiff allegedly incurred a financial obligation to Bethesda Hospital East. ("HOSPITAL").

18. Plaintiff's HOSPITAL obligation was allegedly in default or considered to be in default at the time PBCA was assigned to collect the obligation.

19. HOSPITAL is a "creditor" as defined by 15. U.S.C. §1692a(4).

20. PBCA, caused to be delivered to Plaintiff a letter dated July 1, 2015 concerning the alleged HOSPITAL obligation. A copy of said letter is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

21. The July 1, 2015 letter was sent or caused to be sent by persons employed by PBCA as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. The July 1, 2015 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Upon receipt, Plaintiff read the July 1, 2015 letter.

24. PBCA contends that the alleged HOSPITAL obligation is in default.

25. The alleged HOSPITAL obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

26. The July 1, 2015 letter stated that the outstanding balance on the HOSPITAL obligation was $1,346.96.

27. The July 1, 2015 letter states in part:

> "Will it be necessary for this agency to **conduct an investigation into your ability to fulfill the above obligation**? If this should be necessary, **our findings would determine what course of activity we will recommend to our client(s)**. We are **asking one more time for your cooperation**. **Call this office or send payment in full to resolve this matter**." See Exhibit A (emphasis added).

28. The July 1, 2015 letter does not inform Plaintiff that the HOSPITAL obligation is beyond the applicable statute of limitations.

29. The July 1, 2015 letter does not inform Plaintiff that PBCA and/or that the creditor is barred from taking any legal action to collect the HOSPITAL obligation.

30. The July 1, 2015 letter does not inform Plaintiff that should she choose to make a payment that the applicable statute of limitations could reset or begin anew.

31. The July 1, 2015 letter does not inform Plaintiff that should the applicable statute of limitations reset or begin anew, the current creditor or a subsequent creditor may have the right commence legal action, which otherwise would have been barred.

32. Defendant's use of the phrases "conduct an investigation into your ability to fulfill the…obligation", "our findings would determine what course of activity we will recommend to our client(s)", "asking one more time" and "send payment to resolve this matter" implies a threat to sue to the least sophisticated.

33. The applicable statute of limitations related to the HOSPITAL obligation is five (5) years or less.

34. PBCA regularly collects or attempts to collect debts which are time-barred.

35. PBCA regularly sends letters seeking to collect debts, which are time-barred, that do not disclose the fact that the debt is time-barred.

36. Nothing in the July 1, 2015 letter advised that the debt was barred by the applicable statute of limitations.

37. PBCA regularly sends letters seeking to collect debts, which are time-barred, that do not inform the consumer that the applicable statute of limitations has expired and which contain implied threats that legal action may be commenced.

38. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt."

(http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations. <u>United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC</u>, Case No.; 8:12-cv-182-T-27EAJ 9M.D.Fla).

### POLICIES AND PRACTICES COMPLAINED OF

39. It is PBCA's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A,** which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

40. On information and belief, PBCA has sent written communications, in the form annexed hereto as Exhibit A, to at least 30 natural persons in the State of Florida.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Collection letters and/or notices, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

43. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

44. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

45. Defendant's use of the phrases "conduct an investigation into your ability to fulfill the…obligation", "our findings would determine what course of activity we will recommend to our client(s)", "asking one more time" and "send payment to resolve this matter" would cause the least sophisticated consumer to be confused as to whether the debt was still legally enforceable.

46. Section 1692e of the FDCPA provides:

> **§1692e.     False or misleading representation [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following conduct is a violation:**
>
> **(2)     The false representation of --**
> **(A)     the character, amount, or legal status of any debt;...**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken...**
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...**

47. Section 1692f of the FDCPA provides:

> **§1692f.     Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt...**

48. By failing to advise Plaintiff and others similarly situated that the applicable statute of limitations has expired, PBCA engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f.

49. By failing to advise Plaintiff and others similarly situated that the applicable statute of limitations could be revived or begin anew, PBCA engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f.

50. Defendant's use of the phrases "conduct an investigation into your ability to fulfill the…obligation", "our findings would determine what course of activity we will recommend to our client(s)", "asking one more time" and "send payment to resolve this matter" implies a threat to sue to the least sophisticated consumer in violation of 15 U.S.C. § 1692e(5).

**WHEREFORE,** Plaintiff demands judgment against the Defendant on each count as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Pre-judgment interest;

(d) Post judgment interest; and

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  October 16, 2015

Respectfully submitted,

_____
**Michael Tierney, P.A.**
Michael Tierney, Esquire
Florida Bar No.: 643475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff

EXHIBIT "A"

# Focus Financial Services



P.O. Box 340 * Boynton Beach FL  33425-0340 * (866) 828-5835

July 1, 2015

## Collection Notice



ACA

Dear Nilda Rosado,

You have failed to respond favorably to our previous request for payment in full on the following account(s):

| Client | | | Amount |
|---|---|---|---|
| BETHESDA HOSPITAL EAST | 1009373315 | 08/10/09 | 1346.96 |

Will it be necessary for this agency to conduct an investigation into your ability to fulfill the above obligation? If this should be necessary, our findings would determine what course of activity we will recommend to our clients(s). We are asking one more time for your cooperation. Call this office or send payment in full to resolve this matter.

Sincerely,

Focus Financial Services
DAVID PETERSON
(866)828-5835
**Call Toll Free**

Please visit our Website at **ffsservices.com** to pay online or for any questions you may have.

OR

Send Correspondence To: *PO BOX 1050 * BOYNTON BEACH, FL 33425-1050*

This Is An Attempt To Collect A Debt From A Debt Collector And Any Information Obtained
Will Be Used For That Purpose.

***Detach Coupon And Return With Your Payment***

400QUFOFI01L4

Mail Payments To:

Focus Financial Services
PO Box 340
Boynton Beach, FL 33425-0340

FILL OUT BELOW FOR CREDIT CARD PAYMENTS.

☐ DISCOVER   ☐ FSA   ☐ VISA   ☐ MASTERCARD

CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card)   EXP. DATE  /

CARDHOLDER NAME   AMOUNT $

CARDHOLDER SIGNATURE

July 1, 2015

Nilda Rosado
1450 Via Alferi
Boynton Beach, FL 33426-8254

Account #:  093620238
Amount: $1,346.96